# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)                            CIVIL ACTION

VERSUS

BONNIE JACKSON, ET AL.                       NO. 14-0542-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2014.

                                                         RICHARD L. BOURGEOIS, JR.
                                                         UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TROY D. WADE (#305401)**                                    **CIVIL ACTION**

**VERSUS**

**BONNIE JACKSON, ET AL.**                                    **NO. 14-0542-JWD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against 19th Judicial District Court Judge Bonnie Jackson, Assistant District Attorneys Barry Fontenot and Stephen Pugh, Court Reporter Kathy Ross, Judicial Minute Clerk Alret Cannon, Clerk of Court Doug Welborn and "everyone at 19th Judicial," complaining that his constitutional rights are being violated because he is "being confined and held illegally for a nonexistent charge." The plaintiff also asserts that the defendants are in violation of several state criminal statutes. He prays for monetary damages as a result of his alleged wrongful confinement and for an immediate release from the Louisiana Department of Public Safety and Corrections.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing

allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

> The entirety of the plaintiff's substantive allegation in his Complaint reads as follows:
>
> I am being confined and held illegally for a nonexistent charge. Also the defendants have committed crimes, including injuring public records, La. R.S. 14:132, filing or maintaining false public records, La. R.S. 14:133 and malfeasance in office, La. R.S. 14:134.

R. Doc. 1 at p. 4. He prays that each defendant be charged "$50,000 for each year for illegal confinement" and "to be released immediately form the Department of Corrections."

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. First, with regard to the plaintiff's claim seeking a release from confinement because of alleged improprieties occurring during his criminal proceedings, which improprieties have apparently led to a conviction and to his current confinement at LSP, this claim seeks relief obtainable only through an application for a writ of habeas corpus. This determination is made by focusing on the scope of relief sought by the petitioner. *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th

Cir. 1987). In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. Accordingly, because the plaintiff in this case challenges his present confinement and seeks release from that confinement, his claim is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

Moreover, to the extent that the plaintiff seeks monetary relief as a result of his alleged wrongful confinement, this claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a plaintiff's claim for monetary damages arising out of an alleged wrongful conviction or confinement is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. In such instance, the plaintiff must show, as a prerequisite to a claim for monetary damages, that the allegedly wrongful conviction or confinement has been invalidated by a court of competent jurisdiction in a separate proceeding. In the instant case, a resolution of the plaintiff's claim in his favor, *i.e.*, a determination that he is entitled to monetary damages because the defendants engaged in wrongdoing which resulted in his illegal conviction and confinement, would necessarily imply that such conviction should be overturned and that such confinement should be terminated or curtailed. Since the plaintiff has failed to allege or even suggest that his conviction or sentence has been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, the plaintiff's claim falls squarely within the holding of *Heck v. Humphrey*. Accordingly, his cause of action for monetary damages under § 1983 attributable to the alleged unconstitutional conviction and confinement has not yet accrued. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the §

1983 action under 28 U.S.C. § 1915(d) is appropriate, post-*Heck*, because the plaintiff's action has been shown to be legally frivolous"). *See also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1997). It is therefore appropriate that this aspect of the plaintiff's § 1983 claim be dismissed as well, with prejudice to re-assertion until the conditions set forth in *Heck v. Humphrey* are satisfied.

Finally, in the alternative, the plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this proceeding in any event. Initially, it appears that he has named Judge Bonnie Jackson as a defendant herein, and this claim is clearly barred by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role. *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982). The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396. *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983). Moreover, this immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Applying this test here, it is clear that the alleged act of Judge Jackson in presiding over the plaintiff's criminal case was within the scope of the defendant's judicial authority. Therefore, defendant Jackson is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Further, the plaintiff's claims asserted against Assistant District Attorneys Barry Fontenot and Stephen Pugh are barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the

State's case before the court. *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed". *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock, supra,* 106 F.3d at 677, *quoting Imbler v. Pachtman, supra*, 424 U.S. at 430-31. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Labry v. Mamoulides*, 248 F.3d 1142, *1 (5th Cir. 2001), *quoting Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999), *abrogated on other grounds, Castellano v. Frazogo*, 352 F.3d 330 (5th Cir. 2003). In the instant case, the plaintiff's claims asserted against the referenced assistant district attorneys are apparently based on the defendants' conduct as advocates for the State of Louisiana, and the defendants are therefore entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman, supra; Cousin v. Small*, 325 F.3d 627, 631-32 (5th Cir. 2003). Accordingly, the plaintiff's claims asserted against defendants Barry Fontenot and Stephen Pugh must be dismissed because he seeks recovery from defendants who are immune from such relief. *See Delaney v. Ackal*, 2009 WL 5195935, *3 (W.D. La. Oct. 10, 2009).

     Finally, the plaintiff has also named as defendants herein Clerk of Court Doug Welborn and Judicial Minute Clerk Alret Cannon, but the plaintiff has failed to include any factual allegations relative to these defendants. In this regard, in order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing an alleged

deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). In the absence of any factual allegations relative to defendants Welborn and Cannon, there is no basis for the imposition of liability against them. Moreover, state court clerks are normally clothed with either absolute or qualified immunity for their actions in performing the duties of their office. *See Leroy v. Whyte*, 2008 WL 906296, *3 (E.D. La., April 2, 2008). In the absence of any factual allegations which would support an abrogation of this immunity relative to defendants Welborn and Cannon, the Court concludes that the plaintiff's claim asserted against these defendants is likewise without legal foundation and must be dismissed as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on December 30, 2014.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

1. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."